FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 13 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

United States District Court
Eastern District of Arkansas
Eastern Division

Gabriel Gonzalez
Petitioner, Pro Se

v.

Case Number
2:20-cv-00083-BSM-JTK

DeWayne Hendrix, Warden
Respondent

Motion for relief pursuant to
28 U.S.C. §2241

This Motion is made to challenge the constitutionality of the type of confinement imposed upon Gonzalez in the execution of his sentence by the Bureau of Prisons.

**Exhaustion requirement**

Gonzalez has exhausted the notification requirement to the prison, and the prison's Warden, pursuant to the standards set forth under the FIRST STEP ACT and the CARES ACT.

**Statutory authority**

This court has authority to hear this cause pursuant to 28 U.S.C. §2241(c)(1) because Gonzales is in custody under or by color of authority of the United States, (c)(2) he is in custody for acts done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or of a judge of the United States, (c)(3) he is in custody in violation of the laws or treaties of the United States. Gonzalez asserts the above factors apply to him. This motion is brought concerning the manner or execution of his sentence and declares a challenge via §2241 petition is the appropriate procedure to do so.

This case assigned to District Judge __Miller__
and to Magistrate Judge __Kearney__

## Background

Approximately 6 months ago, the world received notice that a life-threatening pandemic under COVID-19 was imminent. Humans everywhere, unprepared and unprotected, were killed by the virus. As the virus proliferated in the United States, our nation experienced extreme and severe measures to protect its citizens from contracting this deadly virus.

Businesses closed, social distancing was implemented, person protective equipment became essential, and sanitary and medical services became an indispensible part of our nation's protective regime.

Despite the alarming rate and efficiency by which COVID-19 spreads, it has found its way into the federal prison system and has afflicted the inmate population en masse.

## Issue

The Bureau of Prisons is utterly unprepared to protect the health and safety of those in its custody against this terminal threat. PPE issue for inmates are non-existent, overcrowding forces prisoners to remain in close proximity to one another, and medical treatment is scant. Only those prisoners in advanced stages of COVID-19 ever see medical staff, and off-site medical facilities are already taxed with patients, rendering their assistance to prisoners unsubstantial, if at all.

The collective effect of these factors *has* resulted in a custodial petriedish of COVID-19 growth within the prison which exponentially increases the likelihood of prisoners contracting the viral condition and subjecting them to a forseeable death, under the BOP's lack of custodial preparedness.

## Discussion

Gonzalez has been subjected to an ever-increasing litany of imposed restrictions

and confinement under conditions set forth by the BOP's reaction to the spread of COVID-19. Confinement to housing dorms, denial of physical exercise opportunities, and an inability to avoid close contact with prison inmates and staff are the continued norm. Signs have been posted on the exterior door of Gonzalez' housing unit warning staff to don PPE, and to exercise diligence in avoiding COVID-19 contamination from within the unit. Guards and staff routinely wear masks, protective Kyvex medical smocks, latex gloves, eye-protection goggles, and have a bottle of Purell alcohol-gel sanitizer affixed to their utility belt. This equipment, they maintain throughout their shift for their personal protection.

Gonzalez and every other prisoner, are denied the ability to purchase, or have mailed in, any of the above listed items which are basic necessities for protection from the virus.

Additionally, the prison has ceased providing soap and other personal hygiene supplies to its prisoners unless they are indigent. This practice not only impedes one's own ability to acquire washing materials, but subjects the population to a mass of unwashed bodies for lack of accessibility to soap and toothpaste.

Gonzalez is currently afflicted with 3 major medical disorders which continuously tax and stress his physical condition. Any additional stressors, such as the contraction of the COVID-19 virus, would severely over-tax his fluctuating physical health and would significantly increase his likely chances of death. Gonzalez' conditions include Gastroesophogeal Reflux Disease, Hypothyroidism, and an ocular disorder requiring medication to prevent imminent blindness. All of these conditions are somewhat regulated by pharmaceutical therapy but as his external and internal conditions change, so does the severity of these chronic ailments.

The current prison regime has created a practice for which Gonzalez sentence is executed under cruel and unusual standards. Gonzalez believes he is entitled to execution of his sentence under reasonable standards which do not jeopardize

his health and safety to minute-by-minute exposure to the deadly COVID-19 virus. In fact, Congress has provided this court with a valuable resource with which to resolve this issue. Through the CARES ACT, this court may order the BOP to secure Gonzalez under home-confinement until such time as this pandemic has abated.

Since this pandemic is both novel and unprecedented, Gonzalez can find no Circuit precedent which falls squarely upon this issue. However, the basic precepts of Farmer v. Brennan 511 U.S. 835 apply where "the official knows of and disregards an excessive risk to inmate health and safety...." While incarcerated under current standards, Gonzalez remains at high-risk from multiple sources both internally and from personnel who are transient between home and work. The prison is aware of the many vulnerabilities present yet is unable to provide safety absent tortuous isolation assignment in the already overcrowed SHU. The open-dorm cubicles which house the prisoners at FCI-FC offer no protection from the contagious conveyances of the virus.

Gonzalez has witnessed 5 prisoners removed from his housing unit who have contracted the deadly illness. Yet, the prison maintains the same conditions despite these repeated examples. The systematic and gross deficiencies in staffing, facilities, equipment, and procedures remain life-threatening despite prison official's motives.

The degree of crowding and exposure to sick prisoners will undoubtably adversely resolve this issue for Gonzalez unless this court offers prompt, preventative intervention. Additional authority exists pursuant to 18 U.S.C. §3626(a)(3), but Gonzalez is not necessarily seeking release, only reassignment to a temporary home-confinement setting for the duration of this event. RIS is an additional, optional remedy under the FIRST STEP ACT's "extraordinary and compelling" provision.

**Conclusion**

Gonzalez has demonstrated that he is no longer safe in the prison-custodial

detention setting.  If he were to be assigned home-confinement, he could practice effective social distancing, have access to emergent health care in the event of serious need, and would stand a likely chance of surviving this pandemic.  As it stands, Gonzalez has no chance and will likely succumb to the exposure of this virus under his current, debilitated medical state-combined with the BOP's inability to provide for his care, health and safety.

Gonzalez prays this court find merit to his claim and grants him temporary reassignment to home-confinement until such time as this crisis has abated, or any other relief this court deems proper.

## Verification

I have read the foregoing Motion for relief pursuant to 28 U.S.C. §2241 and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. Executed at Forrest City, Arkansas on this 5th day of April, 2020.

Gabriel Gonzalez
Petitioner, Pro Se

## Certificate of Service

I certify under the penalty of perjury that the foregoing Motion for relief was placed in the prison's internal mail system, postage pre-paid, for service upon this court via U.S. mail on this 5th day of April, 2020 to James McCormack 600 W. Capitol Avenue Room A-149 Little Rock, Arkansas 72201.  Gonzalez asks this court's clerk to serve all other interested parties by electronic notification and to provide him with a stamped and filed copy of this Motion

Gabriel Gonzalez



U.S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Complex
Forrest City, AR 72335

March 13, 2020

MEMORANDUM FOR FCC FORREST CITY INMATE POPULATION

FROM: *DeWayne Hendrix* (signature)
DeWayne Hendrix, Complex Warden
FCC Forrest City

SUBJECT: BOP CORONAVIRUS (COVID-19) PROTECTIVE MEASURES

As you may be aware in talking to persons in the community, the United States is seeing an increase in the number of confirmed cases of infected persons. Effective immediately, the following actions are being taken by the Bureau of Prisons (BOP) in order to prevent or reduce the spread of COVID-19.

**SCREENING OF INMATES:** The BOP is screening inmates for COVID-19 using established practices:
- All newly-arriving BOP inmates are screened for COVID-19 exposure risk factors and symptoms.
- Asymptomatic inmates with exposure risk factors are being quarantined.
- Symptomatic inmates with exposure risk factors are to be isolated and tested for COVID-19 per local health authority protocols

  ➤ **To-date, no inmates have tested positive for COVID-19 in the BOP.**

**SOCIAL VISITS:** Social visits are suspended for 30 days, at which time the suspension will be reevaluated. *To ensure that inmates maintain community ties, inmate telephone system minutes will be increased nationally to 500 minutes per calendar month.*

**INMATE MOVEMENT:** Inmate movement between facilities is suspended for 30 days, at which time the suspension will be reevaluated. BOP will make exceptions for special cases such as writs for prosecution on pending charges, Interstate Agreements on Detainers (IAD), medical or mental health reasons, and RRC placements. The BOP will also

continue to process and admit new inmates. Other case-by-case exceptions for judicial proceedings may also be made.
*Local medical trips will be made, as necessary.*

**LEGAL VISITS:** Legal visits will be suspended for 30 days, at which time the suspension will be reevaluated. Case-by-case approval at the local level and confidential legal calls will be allowed in order to ensure access to counsel.

*Access to legal counsel will be accommodated to the maximum extent practicable. Although legal visits are generally suspended for 30-days, you may make a request to your Unit Team, who will forward it to the institution's Legal Department for review and final approval by the Warden. Attorneys will be screened prior to being admitted to the facility.*

**VOLUNTEERS:** Volunteer visits will be suspended for 30 days, with limited exceptions. The suspension will be reevaluated in 30 days. Inmates who wish to speak with a religious advisor should make a request through their Unit Team.

**MODIFIED OPERATIONS:** For the next 30 days, the facility will operate on a modified basis to limit inmate group contact, as much as possible. This action is necessary to limit the transmission of the disease if anyone becomes infected. The suspension will be reevaluated in 30 days.



U.S. Department of Justice

Federal Bureau of Prisons

*Federal Correctional Complex*
*Forrest City, AR 72335*

April 1, 2020

MEMORANDUM FOR FCC FORREST CITY INMATE POPULATION

FROM: Dewayne Hendrix, Complex Warden

SUBJECT: BOP Coronavirus (COVID19) Update-Low

First, I want to thank the inmate population for your patience and cooperation as we manage the COVID-19 pandemic adversely impacting our country. Currently, various institutions throughout the agency have been impacted by the wide-spread pandemic. As most of you are aware, the United States has implemented strict controls and protocols to reduce the spread and impact of the COVID-19. The Bureau of Prisons is dedicated to ensuring the safety and welfare of all staff and inmates. In response to this pandemic, our agency has imposed additional restrictions to inmate movement and implemented a strict operational plan. This plan emphasizes **extensive sanitation practices**, **social distancing**, and **preventing cross-contamination** with inmates and staff.

**Effective April 1, 2020 through April 15, 2020:**
- UNICOR operations suspended
- All programming suspended to include RDAP
- All meals served will be grab and go one pod at a time.
- Showers will occur
- Inmates will be afforded the opportunity to use the email, telephone, as well as, watch television.
- Effective April 6, 2020, the commissary limits will decrease to $25.00, per week during the COVID-19 pandemic
- Laundry exchanges will occur weekly
- Ill inmates will continue to be seen by medical staff and sick call will remain in effect
- Legal mail will continue
- Inmates congregating and gathering is strictly prohibited
- Food Service, Commissary, and Laundry will continue to operate at a minimal level

- Staff will make Unit Rounds
- At a minimum, three days per week will be dedicated to cell/unit saturation for cleaning and sanitizing purposes.

It should be noted, all Bureau of Prisons staff have received written approval from the Attorney General to continue working as essential personnel. In addition, please note, extensive screening sites have been established to screen all personnel entering government property.

If the need arises, please report to the nearest staff member any fever, cough, chest pain, or other FLU like symptoms immediately. Studies have shown the COVID-19, can be life threatening to the elderly community and people with significant health concerns. It will take all of us to overcome and address all concerns immediately as they are identified.

Finally, I realize the situation is not optimal and/or perfect. However, this is a **national emergency** requiring patience, understanding and, most importantly, flexibility. We will get through this together. Cooperation, positive attitudes, thinking and actions will assist us all. Keep in mind, this information, as well as operations, are subject to change based on guidance from medical experts and the Department of Justice. I appreciate all of your efforts.

⇔30515-112⇔
Gabriel Gonzalez
PO BOX 9000:Low
Federalcorrectonalcomplex
Forrest CITY, AR 72336
United States



USPS FIRST-CLASS MAIL

SHIP TO:

600 W CAPITOL AVE
ROOM A149
LITTLE ROCK AR 72201



(420) 72201

⇔30515-112⇔
Mccormack James
District Court Clerk
600 W Capitol AVE
Rm A149
Little ROCK, AR 72201-3325
United States