O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. CV 09-8408 CAS |
| | ) | CR 04-1189 (A)-CAS |
| Plaintiff-Respondent, | ) | |
| | ) | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE |
| vs. | ) | |
| | ) | |
| GABRIEL GONZALEZ | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| _____ | ) | |

## I. INTRODUCTION & BACKGROUND

The background and facts are known to the parties and set forth in this Court's order dated August 31, 2010.

On September 23, 2010, petitioner Gabriel Gonzalez filed a motion to reconsider its order denying his 28 U.S.C. § 2255 motion. On November 1, 2010, the government filed its opposition. On November 8, 2010, petitioner filed his reply. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

Exhibit 5

## II. LEGAL STANDARD

The Court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e). The motion must be filed no later than twenty-eight days after entry of the judgment. See Fed. R. Civ. P. 59(e). "Reconsideration [pursuant to Rule 59(e)] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal.1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

Petitioner seeks reconsideration of the Court's order denying petitioner's 28 U.S.C. § 2255 motion, pursuant to Rule 59 of the Federal Rules of Civil Procedure. Mot. at 1. Petitioner argues that clear error occurred in this case pursuant to Fed. R. Civ. P. 59(e), because the Court failed to give due consideration to his arguments that his trial counsel provided ineffective assistance.

Petitioner contends that the Court failed to address "the irreconcilable contradictions" between trial counsel's proffered trial strategies made in her declaration and "the objective record of how [trial counsel] actually conducted the trial."[1] Id. at 2. Petitioner asserts that the Court failed to address the fact that trial counsel challenged eyewitness identification during cross-examination and closing argument, but failed to present eyewitness identification expert testimony during trial to support her challenge. Id. at 4-7. Petitioner further asserts that the Court failed to take into account the inconsistency between trial counsel's proffered strategy "to concede bright moonlight occurred" in order to advance the theory that eyewitness Cecilia Tirado's ("Tirado")

---

[1] To the extent that petitioner asserts that the Court has failed to address any inconsistencies between the trial record and the trial counsel's declarations, petitioner ignores the fact that the Court sat through trial and is familiar with the trial record.

2

identification was bolstered by her ability to see clearly, and trial counsel's argument to the jury emphasizing "the pitch blackness of night" in order to challenge the reliability of Tirado's identification. Id. at 9.

The government responds that the Court should deny petitioner's motion because it largely consists of arguments already raised in petitioner's petition, which have already been considered by this Court, it lacks merit, and it does not otherwise provide a valid basis for the Court to reverse its prior decision. Opp'n at 1.

The government asserts that trial counsel's decision not to present expert testimony regarding the reliability of eyewitness identification does not amount to ineffective assistance. Id. at 3. The government contends that trial counsel properly declined to call an expert witness because counsel reasonably believed that "an eyewitness expert would not benefit the petitioner's case on balance [and] the expert would have bolstered one part of the case at the expense of weakening another." Id. at 4 (citing Decl. of Vicki Podberesky ("Podberesky Decl.") II ¶ 4.).

The government contends that trial counsel's decision to challenge the reliability of Tirado's identification testimony does not rise to the level of ineffective assistance despite trial counsel's pre-trial strategy to not contest that bright moonlight occurred. Id. at 6. The government asserts that trial counsel's decision to challenge the reliability of Tirado's ability to see clearly was reasonable because of Tirado's unanticipated in-court identification of trial counsel's client as the assailant. Id.

The government further argues that petitioner fails to meet the second prong of Strickland v. Washington because petitioner cannot demonstrate that trial counsel's theories and conduct prejudiced petitioner to the degree that there is a reasonable probability that, but for the alleged errors, the result of trial would have been different. Id. at 7.

The government finally asserts that petitioner's motion fails pursuant to 18 U.S.C.

3

§ 3143(b)(1)[2] because it does not raise a substantial question of law or fact likely to result in reversal.[3]  See id.  The government thus contends that no hearing is necessary to resolve petitioner's motion.  Id.

The Court concludes that petitioner has failed to present grounds warranting reconsideration.  Even if petitioner has presented a basis for reconsidering the Court's denial of habeas corpus relief under Federal Rule of Civil Procedure 59(e), petitioner's arguments still fail for the reasons noted by the government.  Petitioner fails to demonstrate that trial counsel's allegedly deficient performance prejudiced petitioner to the degree that there is a reasonable probability that, but for the alleged errors, the result

---

[2] 18 U.S.C. § 3143(b)(1) provides in relevant part:

[A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . [shall] be detained, unless the judicial officer finds--

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

    (i)    reversal,

    (ii)   an order for a new trial,

    (iii)  a sentence that does not include a term of imprisonment, or

    (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

[3] To demonstrate a "substantial question," the defendant must show an appellate issue that is "fairly debatable."  United States v. Handy, 761 F.2d 1279, 1281 (9th Cir. 1985).

4

of trial would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984). The Court concludes that petitioner's trial counsel did not provide ineffective assistance.

The Court further concludes that there is no substantial question of law or fact that justifies an evidentiary hearing.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES petitioner's motion for reconsideration.

IT IS SO ORDERED.

Dated: November 23, 2010

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE