United States District Court
Eastern District of Arkansas
Delta Division

Gabriel Gonzalez
Plaintiff, Pro Se

v.

DeWayne Hendrix, Warden
Respondent

Case Number
2:20-CV-00083-BSM-JTK

## Supplement to brief for judicial notice

Gabriel Gonzalez asks this honorable court to accept this Supplement for judicial notice in support of his § 2241 motion and to incorporate and adopt the facts presented to the above referenced case.

Gonzalez has previously made this court aware that his prison medical files have been corrupted through inaccurate record keeping habits by prison personnel. In fact, his file references him as "Inmate Wright" and includes references to examinations, treatments, and medical care that he has not received but which he continues to suffer harm because the prison now relies upon, in part, those records in their continuing denial to provide him meaningful medical care for his SARS-CoV-2 infection, et alibi.

Rather than solely relying on this court's intervention for correction of these records, Gonzalez has sent several requests to the prison's medical staff for the correction of his files in a good-faith attempt to secure productive medical treatment. But, having met with negative results, Gonzalez then initiated formal resolution of these errors using the prison's grievance process. (Exhibit 1).

On 1/26/21, Gonzalez was served with the prison's reply which was virtually non-responsive per se but did provide some valuable insight into the prison's motives and indifference. (Exhibit 2). In the Associate Warden's response, Dr. Hall simply states,

"Your medical record[s] will not be changed." Id.

Dr. Hall also explains that the several days of Hyperthyroid examination and treatment administered by the prison and detailed in the medical record are actually the fault of an off-site hospital and that the events described (that Gonzalez was placed in the SHU for 2 days) was for preparation for consultation purposes. A.W. Hall adds that this consultation is pending rescheduling. In other words, Gonzalez has not received treatment nor will he until the COVID crisis ends because the hospital is not receiving prisoner requests for care because of the outbreak. This simply is not true. Gonzalez was never placed in the SHU for 2 days for therapy and the off-site medical center is, and has, recieved Gonzalez for different reasons described in a latter part of this pleading.

The prison's refusal to correct these medical records is troublesome, and should be disconcerting to this court because these records are written as a means to certify that Gonzalez has received the indicated treatments, that he suffers no ill-effects from any of his medical conditions, and that the prison has met their medical obligations to Gonzalez as evinced by his medical file. Gonzalez shows this court that the prison's attempt to adulterate his records are done in bad-faith and their refusal to correct these obvious errors are meant to be intentionally deceptive to any reader and serve no legitimate penological purpose. This is also troubling in consideration of the obvious records which show Gonzalez was taken to the off-site hospital (Tennessee Medical Center) for a cancer biopsy on 6/24/20 for which Gonzalez was given a cursory 2nd Nasopharyngeal (Coronavirus) exam one day prior to his surgery appointment. If A.W. Hall's assertion that Gonzalez' medical appointment was cancelled due to the hospital's ban on receiving less-urgent care cases, perhaps the prison can explain to the court why they allowed for the elective biopsy and the reasons for the prison's refusal to correct Gonzalez records to show that his appointment was cancelled and that he did not receive his treatment.

## Conclusion

It is certainly alarming to know the prison will continue to refuse providing necessary medical care to Gonzalez for his COVID-19 infection and other conditions. It is something else entirely to recognize that the prison has, and will continue, to take carefully chosen steps to alter and adjust Gonzalez' federal medical records to show medical events not as they actually are but rather in a manner favoring the prison from liability. The prison's activities are irreconcilable with modern standards of morality and dignity for prisoners as human individuals.

Gonzalez certifies under penalty of perjury to this court, that he is certainly not "Inmate Wright" as reflected in his medical records and that he has not recieved the examinations, treatments, and medical care described by the prison. Gonzalez objects to the prison's steadfast determination refusing correction of the obvious errors in his medical records because those errors will harm him now and prospectively when he seeks medical care for his conditions.

Gonzalez prays this court find error in the prison's resolute refusal to correct what is obviously in error and to grant him favorable consideration of his previously requested relief.

## Verification

I have read the foregoing Supplement to brief for judicial notice and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. Executed at Forrest City, Arkansas on this 1st day of February, 2021.

Gabriel Gonzalez
Plaintiff, Pro Se

Certificate of Service

I certify under the penalty of perjury that the foregoing Supplement to brief for judicial notice as placed in the prison's internal mail system, postage pre-paid, for service upon this court via U.S. mail on this 1st day of February, 2021 to 600 W. Capitol Avenue Suite A-149 Little Rock, Arkansas 72201.  Gonzalez asks this court's clerk to serve all other interested parties by electronic notification and to serve him with a stamped filed copy of this pleading.

Gabriel Gonzalez
Plaintiff, Pro Se

# DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program, (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate=s Name: Gabriel Gonzalez     Date: 11/23/20

Register Number: 30515-112     Unit: W/D

Specific Complaint and Requested Relief: A recent review of Gonzalez' medical files reveals several errors and inaccuracies which Gonzalez wishes to have corrected to reflect an accurate depiction of the medical care he has received at FCI Forrest City. Gonzalez' medical records refer to him as "Inmate Wright" in the document which begins portrayal of the care he has received for his Coronavirus infection. Second, Gonzalez' medical records show he has received a "clinical encounter conducted at health services." Third, in describing Gonzalez' reaction to having the Coronavirus, his records claim that Gonzalez denies having any symptoms or ill-effects of the virus such as headache, shortness of breath, or any of the generally prevalent symptoms associated with this infection. Gonzalez asks that the above three errors be stricken from his file and that he be provided with a memorandum indicating that these corrections have been made because (1) Gonzalez is obviously not Inmate Wright, (2) Gonzalez has not had a clinical encounter at health services, and (3) Gonzalez has never been examined nor questioned about his symptoms and therefore cannot deny the existence of them.

Efforts Made By Inmate to Informally Resolve Grievance (be specific):

This is Gonzalez' first semi-formal attempt to correct these clerical errors

Counselor=s Comments: Medical asked for a specific date to be requested by the inmate

_____     Jackson  12/2/20
Correctional Counselor=s Review Date     Unit Manger=s Review Date

DATE BP-9 was ISSUED  12-2-20

U.S. DEPARTMENT OF JUSTICE                                    REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Gonzalez, Gabriel__        __30515-112__      __W/D__      __Forrest City__
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.         UNIT         INSTITUTION

**Part A- INMATE REQUEST** This grievance is filed in compliance with the prison's administrative grievance program statement requiring him to file his BP-9 grievance within a 20 day time period during which he filed and secured a response to his initial BP-8 filing. This grievance is timely made within that timeframe. Gonzalez reasserts the issues previously requested in his prior filing. (see BP-8). In order to comply with Health Service's request for specific dates, Gonzalez asserts the following dated medical file entries are in error: all screening narratives for 5/21/20-5/22/20 (2 records), 5/24/20-6/04/20 (12 records), and 6/24/20 (1 record). Gonzalez does not challenge the temperature recording(s)-only the subsequent narratives. Also, documents dated 6/10/20 and 6/11/20 should have the 'denial of symptoms' narratives stricken as well as the reference to him being "inmate Wright." No clinical encounter held at Health services was performed which included Gonzalez' presence. Finally, the order on 6/08/20 for a Thyroid scan to be performed on 6/15/20 was not carried out. This procedure should be noted as 'not executed' or with some form of similar language. Copies of these corrected documents are requested.

__12/04/20__                                                __[signature]__
   DATE                                                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**




_____                     _____
      DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                         CASE NUMBER: __1063191-F1__

                                                   CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____    _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.       UNIT      INSTITUTION

SUBJECT: _____

_____            _____
       DATE                         RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                                   BP-229(13)
                                                                          APRIL 1982

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Gonzalez, Gabriel__  __30515-112__  __W/D__  __Forrest City__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**

This appeal is made in objection to the Associate Warden's response (1063191-F1) dated 1/20/21. The Associate Warden has offered no explanation or rationale for her refusal to correct the inaccuracies indicated which adversely affect Gonzalez' medical history and prospective prescriptions for medical care. Until the prison's records are corrected, Gonzalez will likely continue to be given care, if at all, under the erroneously applied history and records of "Inmate Wright." Furthermore, Gonzalez continues to suffer actual, daily harm by the prison's failure to treat his SARS-CoV-2 infection, GERD condition, and Hyperthyroidism. Inmate Wright's medical records, however, maintain a hazardous and inaccurate application to Gonzalez because these distorted records give the false impression Gonzalez was given some attention for his Coronavirus infection and that he denies suffering any symptoms from that infection. Also, A.W. Hall's response in no way addresses the false series of Hyperthyroid treatment which remain uncorrected in Gonzalez' file but which have admittedly not been performed. (see Hall response). By allowing these records to remain recorded as having been completed, Gonzalez will continue to suffer delay and disruption in receiving the care he was supposed to receive many months ago. Perhaps this is why Gonzalez has been untreated for nearly one-year and continues to suffer high-risk morbidity but-for the prison's refusal to act. Previous grievance redress is requested.

DATE __2/01/21__   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

DATE   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE   CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

DATE   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

EXHIBIT 1
3 OF 3

USP LVN   BP-230(13)
JUNE 2002

FEDERAL CORRECTIONAL COMPLEX, FORREST CITY, AR
PART B- RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY
(1063191-F1)

This is in response to your Request for Administrative Remedy, received on January 4, 2021. You are requesting your medical record be changed.

For relief, you request the wording for your clinical encounters for dates of service May 21, 2020, through May 22, 2020, May 24, 2020, through June 4, 2020, and June 24, 2020, be changed in your medical record. You also request the thyroid scan consultation be changed to "not executed".

Your medical record will not be changed. The consultation was canceled by the hospital due to COVID-19. This is pending rescheduling.

This response to your request for Administrative Remedy is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director at Federal Bureau of Prisons, South Central Regional Office, 344 Marine Forces Drive, Grand Prairie, Texas, 75051. Your appeal must be received in the South Central Regional Office within 20 days of this response.

_____          1/20/2021
T. Hall, PhD.                      Date
Acting Complex Warden

EXHIBIT 2
1 OF 1